UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERMAN TAMRAT,<br><br>    Plaintiff,<br><br>v.<br><br>SONOMA COUNTY DETENTION FACILITY'S ADMINISTRATION, et al.,<br><br>    Defendants. | Case No. 20-cv-07623-PJH<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed

1  factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]
2  to relief' requires more than labels and conclusions, and a formulaic recitation of the
3  elements of a cause of action will not do. . . .  Factual allegations must be enough to
4  raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550
5  U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state
6  a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme
7  Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal
8  conclusions can provide the framework of a complaint, they must be supported by factual
9  allegations.  When there are well-pleaded factual allegations, a court should assume their
10 veracity and then determine whether they plausibly give rise to an entitlement to relief."
11 *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

12 To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
13 elements:  (1) that a right secured by the Constitution or laws of the United States was
14 violated, and (2) that the alleged deprivation was committed by a person acting under the
15 color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

16 **LEGAL CLAIMS**

17 Plaintiff presents many allegations of mistreatment while in custody including
18 excessive force, improper medical care and retaliation.[1]

19 The Due Process Clause of the Fourteenth Amendment protects a post-
20 arraignment pretrial detainee from the use of excessive force that amounts to
21 punishment.  *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) (citing *Bell v. Wolfish*,
22 441 U.S. 520, 535-39 (1979)).  To prove an excessive force claim under § 1983, a pretrial
23 detainee must show only that the "force purposely or knowingly used against him was
24 objectively unreasonable." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015).  "A
25 court must make this determination from the perspective of a reasonable officer on the
26 scene, including what the officer knew at the time, not with the 20/20 vision of hindsight."

---

[1] It appears plaintiff was a pretrial detainee during the relevant time.

*Id.* "A court (judge or jury) cannot apply this standard mechanically." *Id.* "[O]bjective reasonableness turns on the 'facts and circumstances of each particular case.'" *Id.* (quoting *Graham v. Connor*, 490 U.S. at 396).

A non-exhaustive list of considerations that may bear on the reasonableness of the force used include "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Kingsley*, 135 S. Ct. at 2473.

Because the *Kingsley* standard applicable to excessive force claims by pretrial detainees is purely objective, it does not matter whether the defendant understood that the force used was excessive or intended it to be excessive. *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1069 (9th Cir. 2016) (en banc). A pretrial detainee can prevail by providing "'*objective* evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose.'" *Id.* (quoting *Kingsley*, 135 S. Ct. at 2473-74)) (emphasis in original).

A claim for a violation of a pretrial detainee's right to adequate medical care arises under the Fourteenth Amendment rather than the Eighth Amendment. *See Gordon v. County of Orange*, 888 F.3d 1118, 1122 & n.4 (9th Cir. 2018). The claim is evaluated under an objective deliberate indifference standard.

> [T]he elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id.* at 1125. With regard to the third element, a defendant's conduct must be objectively

unreasonable – "a test that will necessarily 'turn[] on the facts and circumstances of each particular case.'" *Id.* (citation omitted). The four-part test described in *Gordon* requires plaintiffs to prove more than negligence, but less than subjective intent – something akin to reckless disregard. *Id.*

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). *Accord Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under § 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline); *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam) (same); *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985) (contention that actions "arbitrary and capricious" sufficient to allege retaliation). The prisoner must show that the type of activity he was engaged in was constitutionally protected, that the protected conduct was a substantial or motivating factor for the alleged retaliatory action, and that the retaliatory action advanced no legitimate penological interest. *Hines v. Gomez*, 108 F.3d 265, 267-68 (9th Cir. 1997) (inferring retaliatory motive from circumstantial evidence).

Plaintiff states that on June 9, 2019, defendant deputies Marlowe and Tamayo knocked plaintiff to the ground and then grabbed his hands, wrists and arms painfully bending them and causing injuries. He also alleges that he was slammed on the ground injuring his head. These allegations are sufficient to state an excessive force claim against Marlowe and Tamayo. To the extent plaintiff argues this excessive force was in retaliation for prior conduct, he must provide more information in light of the legal standards set forth above.

Plaintiff also states that physician's assistant Martin visited plaintiff's cell later in

4

1  June 2019 to evaluate his injuries.  Plaintiff states that Martin ended the evaluation after
2  painfully squeezing plaintiff's hands and wrists.  Plaintiff states that he attempted to push
3  her away while crying out in pain, but she ignored him.  Plaintiff states that Martin
4  performed a painful examination in retaliation for plaintiff brining to light a prior claim of
5  excessive force where Martin lied in her medical evaluation.  Plaintiff told Martin that he
6  had evidence against her of lying and then she became angry and squeezed his wrists.
7  This claim is dismissed with leave to amend.  With respect to the improper medical care
8  claim, plaintiff must provide more information that the pain Martin caused was not related
9  to her exam of his injury in order to provide better medical care.  With respect to the
10 retaliation claim, plaintiff must demonstrate that defendant caused him injury during the
11 medical examination because of plaintiff's prior protected conduct.

12 　　　　Plaintiff also alleges that defendant deputy Marlow harassed him using derogatory
13 and racist comments, denied him toilet paper on an occasion and coughed and sneezed
14 over plaintiff's food tray.  These isolated incidents fail to state a federal claim and are
15 dismissed with leave to amend.  Allegations of verbal harassment and abuse fail to state
16 a claim cognizable under 42 U.S.C. § 1983.  *See Freeman v. Arpaio*, 125 F.3d 732, 738
17 (9th Cir. 1997) *overruled in part on other grounds by Shakur v. Schriro*, 514 F.3d 878,
18 884-85 (9th Cir. 2008).  This is so even if the verbal harassment is racially motivated.
19 *See Hoptowit v. Ray*, 682 F.2d 1237, 1252 (9th Cir. 1982) (federal court cannot order
20 guards to refrain from using racial slurs to harass prisoners).  The Eighth Amendment
21 requires only that prisoners receive food that is adequate to maintain health; it need not
22 be tasty or aesthetically pleasing.  *See Graves v. Arpaio*, 623 F.3d 1043, 1050 (9th Cir.
23 2010).  Nutritionally complete food served to inmates is deficient under constitutional
24 standards, however, if it is prepared under conditions so unsanitary as to make it
25 unwholesome and a threat to inmates who consume it.  *See Toussaint v. McCarthy*, 597
26 F. Supp. 1388, 1412 (N.D. Cal. 1984); *cf. LeMaire*, 12 F.3d at 1456 ("[t]he fact that the
27 food occasionally contains foreign objects or sometimes is served cold, while unpleasant,
28 does not amount to a constitutional deprivation") (quoting *Hamm v. DeKalb County*, 774

F.2d 1567, 1575 (11th Cir. 1985).

Plaintiff also alleges that his inmate grievances were not properly processed or fully investigated. This claim is dismissed because there is no constitutional right to a prison administrative appeal or grievance system. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).

If plaintiff files an amended complaint, he must provide more information as discussed above. Plaintiff may also indicate he wishes to proceed solely on the excessive force claim in this complaint.

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The amended complaint must be filed no later than **February 16, 2021**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to file an amended complaint will result in this case only proceeding on the excessive force claim.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: January 12, 2021

*/s/ Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge