UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERMAN TAMRAT,<br><br>Plaintiff,<br><br>v.<br><br>ADAM MARLOWE, et al.,<br><br>Defendants. | Case No. 20-cv-07623-PJH<br><br>**ORDER DISMISSING CLAIMS; DENYING MOTION TO APPOINT COUNSEL; GRANTING EXTENSION**<br><br>Re: Dkt. Nos. 19, 21 |

Plaintiff, a state prisoner, proceeds with a pro se civil rights complaint under 42 U.S.C. § 1983. The court ordered service for two defendants on a claim of excessive force and dismissed the remaining claims and defendants with leave to amend. Plaintiff has filed a second amended complaint.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim

is and the grounds upon which it rests.'"" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that defendants used excessive force against him and that he received improper medical care for his injuries.[1]

The Due Process Clause of the Fourteenth Amendment protects a post-arraignment pretrial detainee from the use of excessive force that amounts to punishment. *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) (citing *Bell v. Wolfish*, 441 U.S. 520, 535-39 (1979)). To prove an excessive force claim under § 1983, a pretrial detainee must show only that the "force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). "A

---

[1] It appears plaintiff was a pretrial detainee during the relevant time.

2

court must make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id*. "A court (judge or jury) cannot apply this standard mechanically." *Id*. "[O]bjective reasonableness turns on the 'facts and circumstances of each particular case.'" *Id*. (quoting *Graham v. Connor*, 490 U.S. at 396).

A non-exhaustive list of considerations that may bear on the reasonableness of the force used include "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Kingsley*, 135 S. Ct. at 2473.

Because the *Kingsley* standard applicable to excessive force claims by pretrial detainees is purely objective, it does not matter whether the defendant understood that the force used was excessive or intended it to be excessive. *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1069 (9th Cir. 2016) (en banc). A pretrial detainee can prevail by providing "'*objective* evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose.'" *Id*. (quoting *Kingsley*, 135 S. Ct. at 2473-74)) (emphasis in original).

A claim for a violation of a pretrial detainee's right to adequate medical care arises under the Fourteenth Amendment rather than the Eighth Amendment. *See Gordon v. County of Orange*, 888 F.3d 1118, 1122 & n.4 (9th Cir. 2018). The claim is evaluated under an objective deliberate indifference standard.

> [T]he elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's

3

injuries.

*Id*. at 1125.  With regard to the third element, a defendant's conduct must be objectively unreasonable – "a test that will necessarily 'turn[] on the facts and circumstances of each particular case.'"  *Id*. (citation omitted).  The four-part test described in *Gordon* requires plaintiffs to prove more than negligence, but less than subjective intent – something akin to reckless disregard.  *Id*.

Plaintiff states that on June 9, 2019, defendant deputies Marlowe and Tamayo knocked plaintiff to the ground and then grabbed his hands, wrists and arms painfully bending them and causing injuries.  He also alleges that he was slammed on the ground injuring his head and later shoved into a doorframe.  The case continues with these allegations of excessive force against defendants Marlowe and Tamayo.

Plaintiff also states that he was seen by defendant physician's assistant Martin one week after the assault.  Plaintiff states that Martin became aggressive and painfully squeezed his hand and wrist that were injured.  Docket No. 18 at 10.  Plaintiff states Martin ignored his requests to stop but then she stopped the evaluation when he gently pushed her hand away and cried out in pain.  *Id*.

The claims against Martin were dismissed with leave to amend to provide more information regarding the allegations of excessive force and failure to provide medical care.  Plaintiff was informed that he must provide more information that the pain Martin caused was not related to her exam of his injury in order to provide better medical care.  Plaintiff has failed to cure these deficiencies.  Plaintiff has failed to plausibly show that while examining his injured hand and wrist, Martin used force that was objectively unreasonable, and it was not related to the examination.  Nor has plaintiff shown that Martin denied him adequate medical care.  Plaintiff against only presents conclusory allegations that Martin denied proper medical care without providing specific allegations how his rights were violated.  A later x-ray showed his hand and wrist were within normal limits without out sign of fracture or dislocation.  Docket No. 18 at 45.  A small fracture was located and was treated with a splint and anti-inflammatory medication.  *Id*.  Plaintiff

4

has failed to show that Martin demonstrated objective deliberate indifference. To the extent plaintiff alleges Martin failed to conduct a thorough exam, he also states that he prevented Martin from examining his hand and wrist because the exam was painful. These claims are dismissed with prejudice because plaintiff has already been provided an opportunity to amend but he has simply repeated the same allegations from the prior complaint.[2] Further amendment would be futile.

Plaintiff has also filed a motion to appoint counsel. There is no constitutional right to counsel in a civil case, *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981), and although district courts may "request" that counsel represent a litigant who is proceeding in forma pauperis, as plaintiff is here, see 28 U.S.C. § 1915(e)(1), that does not give the courts the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).

The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Plaintiff has presented his claims adequately, and the issues are not complex. Therefore, the motion to appoint counsel is denied.

## CONCLUSION

1. The amended complaint (Docket No. 18) is the operative complaint in this action. The case continues with the excessive force claims against Marlowe and Tamayo. All other claims and defendants are dismissed with prejudice.

---

[2] The allegations of excessive force and improper medical occurred in June 2019. Plaintiff also presents allegations against Martin for denying medical care in December 2018. This claim is dismissed without prejudice from this action because it does not relate to the incident in the complaint. Plaintiff may file a separate complaint with these allegations, though the court takes no position if his allegations state a claim.

5

2. Plaintiff's motion to appoint counsel (Docket No. 19) is **DENIED**. Good cause appearing, it is hereby ordered that defendants' request for an extension of time (Docket No. 21) is **GRANTED** and defendants may file a dispositive motion by **July 14, 2021**. All other aspects of the order of service (Docket No. 9) remain in effect.

3. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: May 13, 2021

                                       */s/ Phyllis J. Hamilton*
                                       PHYLLIS J. HAMILTON
                                       United States District Judge